MILLER, ROSADO & ALGIOS, LLP
Neil A. Miller, Esq.
320 Old Country Road, Suite 103
Garden City, New York 11530
Telephone: (516) 512-0200
Facsimile: (516) 741-7758
nmiller@mralaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                       :

LOXLEY EVOLUTION TECHNOLOGY   :
CO., LTD,                                        :     Case No. 1:21-cv-05096 (NRB)(KHP)

                           Plaintiff,      :

                                            :     **ANSWER**

            v.                              :

HSS DEVELOPMENT GROUP LTD. and   :
HSS ADMINISTRATIVE SERVICES
CO. INC.,                                        :

                       Defendants.  :
------------------------------------------------------ X

     Defendants HSS Development Group Ltd. ("HSS Development Group") and HSS Administrative Services Co., Inc. ("HSS Administrative"), by their attorneys, Miller, Rosado & Algios, LLP, as and for their answer to the complaint of plaintiff Loxlely Evolution Technology Co., Ltd., alleges as follows:

     1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "1" of the complaint.

     2.  Deny each and every allegation contained in paragraph "2" of the complaint, except admit that plaintiff contracted with HSS Development Inc. ("HSS Development") and/or HSS Administrative to obtain security technology equipment ("Equipment"), and deny knowledge or

information sufficient to form a belief as to whether plaintiff was acting on behalf of a Thai governmental entity.

    3. Admit the allegations of paragraph "3" of the complaint, except deny the allegations concerning the existence of a March 2020 delivery deadline.

    4. Deny each and every allegation of paragraph "4" of the complaint, except admit that the equipment was not delivered to plaintiff by March 2020 and that the delay was attributable to the United States government failing to process the export license application, which had been first submitted in December 2019.

    5. Deny each and every allegation of paragraph "5" of the complaint, except admit that defendant Administrative believed that issuance of the export license was a *fait accompli* and that there would be continuing delays at the U.S. State Department as a result of the pandemic.

    6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "6" of the complaint, except admit that if Loxley believed at certain times that the export license would be issued and the equipment delivered once COVID-19 related delays at the U.S. State Department were resolved, such a belief would have been reasonable.

    7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint, except deny that there was any breach of the parties' Agreement.

    8. Deny each and every allegation contained in paragraph "8" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff had an obligation to deliver the equipment to its client by September 21, 2020 and that for each day of

delay thereafter a significant fine would be incurred and refer to the communication from Ben Jamil dated September 2, 2020 for the content thereof.

 9.  Deny each and every allegation contained in paragraph "9" of the complaint, except admit that defendant Administrative informed plaintiff on or about October 27, 2020 that the export license application to the U.S. State Department had been denied.

 10.  Deny each and every allegation contained in paragraph "10" of the complaint, except admit that the letter initially denying the export license was dated August 27, 2020 and that defendants knew of that denial letter on or soon after that date.

 11.  Deny each and every allegation contained in paragraph "11" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff in fact purchased alternate goods in May 2021, whether such purchase was at a 40% premium, whether the new equipment has been delivered to plaintiff and whether there any "fines" accruing against plaintiff.

 12.  Admit the allegations contained in paragraph "12" of the complaint, and affirmatively state that plaintiff was offered a credit for the monies paid by plaintiff.

 13.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint.

 14.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint.

 15.  Deny each and every allegation contained in paragraph "15" of the complaint, except admit that HSS Development Group is a private corporation organized under the laws of Delaware ant that its principal place of business is at 75 South Broadway, White Plains, New

York.

16. Deny each and every allegation contained in paragraph "16" of the complaint, except admit that HSS Administrative is a New York Corporation formed in 2017 with its principal place of business is at 75 South Broadway, White Plains, New York.

17. Deny each and every allegation contained in paragraph "17" of the complaint, except admit that Ben Jamil is the Chief Executive Officer of defendants and was the Chief Executive Officer of Homeland Security Strategies, Inc.

18. Admit the allegations contained in paragraph "18" of the complaint.

19. Admit the allegations contained in paragraph "19" of the complaint.

20. Admit the allegations contained in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "23" of the complaint, except deny that HSS Development Group owned and operated the website in and before June 2019.

24. Deny each and every allegation contained in paragraph "24" of the complaint.

25. Deny each and every allegation contained in paragraph "25" of the complaint, except admit that HSS Development and HSS Administrative presented the proposal alleged to a middleman named Kraipat Niramai, who brokered the eventual sale.

26. Deny each and every allegation contained in paragraph "26" of the complaint, except

admit that plaintiff communicated to Kraipat Niramai on or about September 20, 2019 that it was going to accept the proposal, which it eventually did in October 2019.

27. Admit the allegations contained in paragraph "27" of the complaint.[1]

28. Admit the allegations contained in paragraph "28" of the complaint.

29. Deny each and every allegation contained in paragraph "29" of the complaint, except refer to the Agreement for the terms thereof.

30. Deny each and every allegation contained in paragraph "30" of the complaint, except refer to the Agreement for the terms thereof.

31. Admit the allegations contained in paragraph "31" of the complaint.

32. Admit the allegations contained in paragraph "32" of the complaint, and affirmatively state that plaintiff was also aware of the need for an export license.

33. Deny each and every allegation contained in paragraph "33" of the complaint, except refer to the Agreement for the terms thereof.

34. Deny each and every allegation contained in paragraph "34" of the complaint, except admit that the two defendants have the same office address and that Ben Jamil is Chief Executive Officer of both defendants.

35. Admit the allegations of paragraph "35" of the complaint.

36. Admit the allegations of paragraph "36" of the complaint.

37. Deny each and every allegation contained in paragraph "37" of the complaint, except admit that as of approximately December 18, 2019, plaintiff had performed its obligations

---

[1] The confidentiality issues cited by plaintiff involving the accepted proposal and invoice are no longer of concern to defendants, so that these documents may be put before the Court by either party at the appropriate time.

precedent to the beginning of performance and on or about that date provided documentation to enable an application for an export license.

38. Deny each and every allegation contained in paragraph "38" of the complaint, except admit that Loxley obtained an import license on or about February 27, 2020 and that defendant HSS Administrative sent plaintiff an invoice requesting payment in full.

39. Admit the allegations contained in paragraph "39" of the complaint.

40. Admit the allegations contained in paragraph "40" of the complaint.

41. Deny each and every allegation contained in paragraph "41" of the complaint, except refer to the March 12, 2020 e-mails for the content thereof.

42. Deny each and every allegation contained in paragraph "42" of the complaint, except admit that the Equipment was not delivered by March 18, 2020.

43. Deny each and every allegation contained in paragraph "43" of the complaint, except refer to the March 18, 2020 e-mail for the content thereof.

44. Deny the allegations contained in paragraph "44" of the complaint, except refer to the March 19, 2020 e-mail for the content thereof.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ""45" of the complaint.

46. Deny each and every allegation contained in paragraph "46" of the complaint, except admit that Mr. Decker believed that the export license would be issued in another 30-60 days by the U.S. State Department.

47. Deny each and every allegation contained in paragraph "47" of the complaint, except admit plaintiff did not purport to terminate the Agreement.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ""48" of the complaint.

49. Deny the allegations contained in paragraph "49" of the complaint, except refer to the letter of April 27, 2020 for the content thereof.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the complaint, except admit that plaintiff requested a status update, and refer to the e-mail response of Mr. Decker for the content thereof.

51. Deny each and every allegation contained in paragraph "51" of the complaint, except admit that plaintiff requested a status update, and refer to the e-mail response of Mr. Decker for the content thereof.

52. Deny each and every allegation contained in paragraph "52" of the complaint, except refer to the letter alleged therein for the contents thereof.

53. Deny each and every allegation contained in paragraph "53" of the complaint.

54. Deny each and every allegation contained in paragraph "54" of the complaint, except admit that defendants knew of the denial letter dated August 27, 2020 on or soon after that date.

55. Deny each and every allegation contained in paragraph "55" of the complaint, except admit that plaintiff had already paid in full for the Equipment.

56. Deny each and every allegation contained in paragraph "56" of the complaint, except refer to the e-mail alleged therein for the contents thereof.

57. Deny each and every allegation contained in paragraph "57" of the complaint, except refer to the e-mail and denial letter alleged therein for the contents thereof.

58. Admit the allegations contained in paragraph "58" of the complaint.

59. Deny each and every allegation contained in paragraph "59" of the complaint, except admit that it is likely that defendants were aware of the August 27, 2020 denial letter by September 1, 2020.

60. Deny each and every allegation contained in paragraph "60" of the complaint.

61. Deny each and every allegation contained in paragraph "61" of the complaint.

62. Deny each and every allegation contained in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the complaint.

64. Deny each and every allegation contained in paragraph "64" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's procurement of equipment in May 2021 and the price paid therefor.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the complaint.

66. Deny each and every allegation contained in paragraph "66" of the complaint.

67. Admit the allegations contained in paragraph "67" of the complaint.

68. Deny each and every allegation contained in paragraph "68" of the complaint, except admit that no refund was issued, and admit that this action was commenced on or about June 9, 2021.

**ANSWERING THE FIRST CAUSE OF ACTION**

69. Repeat and reallege their answer to the allegations contained in paragraphs "1" through "68" of the complaint as their answer to paragraph "69" of the complaint.

70. Deny each and every allegation contained in paragraph "70" of the complaint, except

admit that plaintiff contracted to purchase the Equipment for $854,250.00.

71.  Admit the allegations contained in paragraph "71" of the complaint.

72.  Deny each and every allegation contained in paragraph "72" of the complaint.

73.  Deny each and every allegation contained in paragraph "73" of the complaint, except admit that plaintiff's payment was not refunded.

74.  Deny each and every allegation contained in paragraph "74" of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

75.  Repeat and reallege their answer to the allegations contained in paragraphs "1" through "74" of the complaint as their answer to paragraph "75" of the complaint.

76.  Deny each and every allegation contained in paragraph "76" of the complaint.

77.  Deny each and every allegation contained in paragraph "77" of the complaint, except admit that plaintiff paid $854,250.00 by on or about March 5, 2020.

78.  Deny each and every allegation contained in paragraph "78" of the complaint, except admit that the Equipment was to be shipped to plaintiff in Thailand.

79.  Admit the allegations contained in paragraph "79" of the complaint.

80.  Admit the allegations contained in paragraph "80" of the complaint.

81.  Deny each and every allegation contained in paragraph "81" of the complaint.

82.  Deny each and every allegation contained in paragraph "82" of the complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

83.  Repeat and reallege their answer to the allegations contained in paragraphs "1" through "82" of the complaint as their answer to paragraph "83" of the complaint.

84.  Deny each and every allegation contained in paragraph "85" of the complaint, except

refer to the communications on the dates alleged for the contents thereof.

85. Deny each and every allegation contained in paragraph "85" of the complaint, except refer to the letter alleged therein for the contents thereof.

86. Deny each and every allegation contained in paragraph "86" of the complaint.

87. Deny each and every allegation contained in paragraph "87" of the complaint.

88. Deny each and every allegation contained in paragraph "88" of the complaint.

89. Deny each and every allegation contained in paragraph "89" of the complaint.

90. Deny each and every allegation contained in paragraph "90" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the steps plaintiff undertook to source equipment from another vendor and to any premiums paid to the new vendor.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the complaint.

92. Deny each and every allegation contained in paragraph "92" of the complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93. HSS Development Group is an improper party defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94. Under the parties' agreement, the sale of the Equipment to plaintiff was "subject to and dependent on receiving an export license by HSS".

95. HSS Development and HSS Administrative duly and timely submitted an application to the United States Department of State ("DOS") for an export license for the Equipment.

96. DOS issued a denial of the application for an export license dated August 27, 2020

because "the proposed export is not consistent with current US foreign policy objectives".

97.  Upon receiving the denial letter, HSS Administrative and its agents, believing that the denial was a mistake, undertook their best efforts to have DOS to reverse the denial, but became aware by October 27, 2020 that the denial was not a mistake.

98.  Accordingly, delivery of the Equipment was excused under the Contract, and in any event was a legal impossibility.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

99.  In November 2020, defendants and HSS Development proposed substituting a similar product to the Equipment from a source in Europe which would not require an export license, which plaintiff wrongfully rejected.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

100.  Defendants expended monies in performance of the agreement with plaintiff.

101.  Defendants are entitled to a credit for all monies expended in performance of the agreement with plaintiff against any refund of the purchase price to which the Court may find that plaintiff is entitled.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

102.  As defendants were not in breach of the agreement with plaintiff, plaintiff is not entitled to any damages caused by any claimed need to pay a premium to any new vendor plaintiff obtained to supply the Equipment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

103.  Under the parties' agreement, none of the parties would be liable for any incidental, special, or consequential damages, and that limitation of liability is applicable even if the

potentially liable party is aware, or should have been aware, of the possibility of such damages.

104. Moreover, under the parties' agreement, no party would be liable in damages or otherwise in excess of the proposal given to plaintiff.

105. Plaintiff is limited in damages to the purchase price it paid, and is not entitled to any damages for the cost of any replacement goods, or to any special or consequential damages, including but not limited to fines imposed against plaintiff by its client.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106. Plaintiff is barred from recovery by the doctrine of unclean hands.

WHEREFORE, defendants demand judgment dismissing the complaint in its entirety, and for the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

Dated: Garden City, New York
August 9, 2021

      /s/ Neil A. Miller
MILLER, ROSADO & ALGIOS, LLP
By: Neil A. Miller, Esq.
Attorneys for Defendants
320 Old Country Road, Suite 103
Garden City, New York 11530
(516) 512-0200
nmiller@mralaw.com