UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOXLEY EVOLUTION TECHNOLOGY CO., LTD.,<br><br>                                    *Plaintiff*,<br><br>vs.<br><br>HSS DEVELOPMENT GROUP LTD. and HSS ADMINISTRATIVE SERVICES CO. INC.,<br><br>                                    *Defendants*. | Case No. 1:21-cv-5096-NRB |

**STIPULATED PROTECTIVE ORDER**

The parties to this litigation having agreed to the following terms of confidentiality, and the Court having found good cause to issue an appropriately-tailored confidentiality order, it is hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their officers, employees, representatives, agents, experts and consultants, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

**I.   Scope**

A.   This Stipulated Protective Order ("**Order**" or "**Protective Order**") shall apply to and govern all documents, testimony, information, and all other matter produced or furnished during the course of the above-captioned proceedings (the "**Litigation**") that is designated, by either a party to this action or third parties to this action (in each case, the "**Designating Party**"), as Confidential Information pursuant to this Order, including but not limited to depositions, documents produced in response to requests for production of documents, answers to

1

interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as pleadings, briefs, memoranda, materials introduced into evidence, and all other information produced or furnished by or on behalf of any party or third party that meets the definition of Confidential Information and has been so designated.

      B.    Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

      C.    This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

      D.    Nothing in this Order shall be construed as an agreement or acknowledgement by the receiving party or non-party (in each case, a "**Receiving Party**") that any document, testimony, or other information designated as "Confidential" constitutes a trade secret or is, in fact, confidential.

## II. Confidential Information

      A.    "**Confidential Information**" shall mean any non-public information that the Designating Party believes in good faith contains information related to a trade secret, proprietary business information, non-public financial information, confidential research, sensitive personal information, or any other information subject to a legally protected right to privacy. Confidential Information does not include information that (a) at the time of the disclosure hereunder is available to the public; or (b) after disclosure hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or (c) the Receiving Party can show (i) was already known to the Receiving Party through a non-confidential disclosure; (ii) was independently developed by the Receiving Party; or (iii) was received by the Receiving Party, after the time of disclosure hereunder, from a third party having the right to make such a disclosure.

B.  Documents shall be designated as Confidential Information by marking or stamping each page of any such document "**Confidential**" prior to production in a manner that will not interfere with the legibility of the document or by a statement in writing sent to all counsel of record after production indicating the documents designated by Bates number and including replacement copies of such documents with the aforementioned legend.

C.  When testimony (including exhibits) during a deposition is designated as Confidential Information by a statement to that effect on the record during the deposition or as set forth below, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition.  Deposition transcripts, or portions thereof, containing Confidential Information shall be so designated in writing no later than ten (10) days following receipt of the transcript from the reporter.  Prior to such designations, the deposition transcripts shall be considered to have been designated "Confidential" in their entirety.  In addition, any portions of a deposition in which documents designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be designated as Confidential and subject to the provisions of this Order.  Each court reporter participating in any such deposition shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those portions (including exhibits) of such deposition transcript(s) with the legend "CONFIDENTIAL – DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

**III.     Challenges by a Party to Designation as Confidential Information**

    A.     The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

        1.     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

        2.     Judicial Intervention. If the meet and confer process is unsuccessful, the challenging party may elect to schedule a joint teleconference with the Court for prompt resolution of the parties' dispute. If, with the Court's permission, a party makes a motion or other written submission challenging a confidentiality designation, such motion or submission shall identify the challenged material and set forth in detail the basis for the challenge, and shall be accompanied by a competent declaration affirming that the challenging party has complied with the meet and confer requirements of this procedure.

**IV.     Treatment of Confidential Information**

    A.     Unless otherwise provided in this or subsequent Orders by the Court, Confidential Information shall not be disclosed or shown to anyone other than:

        1.     In-house and outside counsel for the parties;

2. persons employed by outside counsel for the parties who are charged with assisting in work on this matter to whom it is necessary that Confidential Information be shown for purposes of assisting in such work;

3. employees or representatives of the parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute an undertaking in the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

4. the Court and persons employed by the Court;

5. persons identified by the designated document as the author or recipient of such document in the ordinary course of business;

6. non-party witnesses in preparation for or in the course of depositions (provided that upon completion of the review, the documents shall be returned to counsel for the supplying party, other than copies provided to the court reporter as marked exhibits);

7. outside experts or consultants retained for the purposes of this Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order as indicated by executing the Non-Disclosure Agreement at Exhibit A;

8. independent copying services and other independent litigation support services retained for purposes of this Litigation, provided that no disclosure shall occur until any such service agrees to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A;

9. mediators, arbitrators, or similar outside parties who are enlisted to assist in the resolution of this matter, and their staffs—provided that each such person has executed the Non-Disclosure Agreement at Exhibit A; and

    10. persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Information, after notice to all parties and an opportunity has been had to object and after such person(s) has agreed to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A.

  B. Counsel for each party shall maintain copies of all Non-Disclosure Agreements executed by those who have access to Confidential material.  Counsel shall, upon request, make a representation that all persons required to execute Non-Disclosure Agreements who have had access to Confidential material have executed a Non-Disclosure Agreement.

  C. Except as provided herein or as agreed to in writing by the Designating Party, Confidential Information shall be used by Receiving Parties solely for the prosecution and/or defense of this Litigation (including appeals) and only as provided in this Order.  Confidential Information shall not be used or employed for the purpose of any other action, use, or proceeding, or for any commercial, business, or other purpose whatsoever, unless agreed to in a signed writing between the Designating Party and the Receiving Party.

  D. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

    1. its own documents and/or information; and

    2. documents and/or information developed or obtained by a Receiving Party independently of discovery in this Litigation or related actions or proceedings irrespective of whether such document or information has been designated by the producing party or non-party as Confidential Information.

E. In the event that counsel for any party determines to file with, or submit to, the Court any Confidential Information or papers containing or referencing Confidential Information, the parties and their counsel shall file or submit such Confidential Information or papers following the procedures described in this Court's applicable federal and local rules. The parties shall make best efforts to cooperate with one another to obtain an appropriate sealing order from the Court. Nevertheless, the burden shall at all times shall be on the Designating Party to defend its designations and establish good cause why the Confidential Information should be filed or submitted under seal.

F. If the Court declines to enter a sealing order, the parties shall cooperate with one another to file or submit the Confidential Information or papers containing or referencing Confidential Information into the Court's record with as much protection of the Confidential Information as may be available through redaction, submission *in camera*, stipulation as to facts, and/or any other reasonable means that would not obscure the essence of the document. In no event, however, shall sensitive personal information such as social security numbers, bank account numbers, or home addresses be filed without being under seal or redacted.

G. Within thirty (30) calendar days after the settlement or final adjudication, including appeals, of the entirety of the Litigation, all Confidential Information supplied by the parties and non-parties, and all copies thereof, shall be returned to the producing party or non-party or shall be certified as having been destroyed; provided, however, that each party may retain a complete file of all litigation documents filed with the Court in these actions and attorney work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as Confidential Information.

H.      The restrictions on the use of Confidential material shall survive the conclusion of this Litigation.  The Court shall retain limited jurisdiction over this Litigation for the purpose of enforcing this Order, of resolving any dispute concerning the use of information and Confidential material disclosed pursuant to its terms, and to make any amendments to this Order.

V.      **Non-Waiver of Confidentiality or Privilege**

A.      The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information or document was so designated at the time of the disclosure, shall not be deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or documents relating thereto on the same or related subject matter (provided that the Designating Party promptly amends the designation once it is aware of the disclosure).  If the recipient has already shared the information or document with another person prior to a demand for its return, that recipient shall promptly notify the affected persons, and make his or her best efforts to collect and return all copies.

B.      Pursuant to Fed. R. Civ. P. 502(d), production or other disclosure of any document that a producing party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or attorney work product doctrine ("**Produced Privileged Document**"), will not be deemed to waive any privilege in this or any other federal or state proceeding.

1.      The producing party or non-party may request the return or destruction of any Produced Privileged Document.  A request for the return of a Produced Privileged Document shall identify each document that was inadvertently produced and the basis for withholding each such document from production.

2. If a party or non-party requests the return, pursuant to this paragraph, of any Produced Privileged Document then in the custody of another party or non-party, the Receiving Party shall promptly (*i.e.*, within three (3) business days) return, sequester, or destroy the specified information or documents and any copies it has; not use or disclose the information or documents; and take reasonable steps to retrieve documents if the Receiving Party disclosed them to anyone before being notified of the privilege claim. The Producing shall update its privilege log with the Produced Privileged Document within three (3) days of its request.

3. To the extent the Receiving Party disputes that the Produced Privileged Document is privileged, the Receiving Party shall sequester and shall not use the Produced Privileged Document until the privilege dispute is resolved. The Receiving Party may then (if permitted by the Court), move the Court for an order compelling production of the withheld material, but shall not assert as a ground for entering such an order the mere fact or circumstances of the inadvertent production and may not use the contents of the withheld document(s) in its efforts to compel production.

4. Notwithstanding this Section, neither party nor their outside counsel of record is required to delete information that may reside on any electronic back-up systems that are maintained in the normal course of business for archival and/or disaster-recovery purposes.

VI. **Confidential Information Subpoenaed or Ordered Produced in Other Proceedings**

A. If a Receiving Party is served with a subpoena, discovery request, or an order issued in another litigation or arbitration, or in a criminal or civil investigation or regulatory proceeding, which would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must, to the extent permitted by law, so notify the Designating Party, in writing immediately and in no event more than three (3) business days after

9

receiving the subpoena, discovery request, or order. Such notification must include a copy of the subpoena, discovery request, or order.

      B.      The Receiving Party must also immediately inform in writing the party who caused the subpoena, discovery request, or order to issue in the other proceedings that some or all of the requested materials are the subject of this Order. In addition, the Receiving Party must promptly deliver a copy of this Order to the requesting party in the other proceedings.

      C.      The purpose of imposing the duties described in this Section is to alert the interested persons to the existence of this Order and to afford the Designating Party an opportunity to protect its Confidential Information in the other proceedings.

      D.      Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or from a government agency. Notwithstanding anything to the contrary in this Order, any Receiving Party may produce Confidential Information in response to a request from any governmental authority.

Respectfully submitted this 9th day of September, 2021.

*For Plaintiff*:

HERBERT SMITH FREEHILLS NEW YORK LLP

By: /s/ *Maxwell D. Herman*
    Benjamin Rubinstein
    Maxwell D. Herman
    450 Lexington Ave, 14th Floor
    New York, New York 10017
    Tel: (917) 542-7600
    Fax: (917) 542-7601
    Email: Benjamin.Rubinstein@hsf.com
           Maxwell.Herman@hsf.com

*For Defendant*:

MILLER, ROSADO & ALGIOS, LLP

By: /s/ *Neil A. Miller*

    320 Old Country Road, Suite 103
    Garden City, New York 11530
    Tel: (516) 512-0200
    Fax: (516) 741-7758
    Email: nmiller@mralaw.com

**SO ORDERED.**

**Date:** September 10, 2021
     **New York, New York**

                                            **Naomi Reice Buchwald**
                                            **United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOXLEY EVOLUTION TECHNOLOGY CO., LTD., <br><br> *Plaintiff*, <br><br> vs. <br><br> HSS DEVELOPMENT GROUP LTD. and HSS ADMINISTRATIVE SERVICES CO. INC., <br><br> *Defendants*. | Case No. 1:21-cv-5096-NRB |

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of discovery or other materials in this litigation that have been designated as Confidential.  I will not disclose such Confidential Information to anyone other than for purposes of this litigation and pursuant to the terms of the Protective Order, and at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or destroy such information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____          _____

          Name:

          Title: